# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

LAUREN L. BERNICK,

      Debtor.

Case No. 10-11826-RGM
(Chapter 13)

### MEMORANDUM OPINION

The chapter 13 trustee filed a motion to dismiss this chapter 13 case asserting that the debtor's unsecured claims exceeded the maximum permitted under 11 U.S.C. §109(e). The trustee reached this result by adding the undersecured amount of the debtor's second deed of trust on her home to her scheduled unsecured debts. The schedules show that the second deed of trust is wholly undersecured. The debtor argued that the second deed of trust should be allocated to secured debt, in which case she is within the eligibility requirements of Section 190(e). The debtor intends to strip off the wholly unsecured second deed of trust. The question presented is whether the wholly unsecured second deed of trust should be allocated to unsecured debt or to secured debt.

### Chapter 13 Eligibility

Chapter 13 eligibility is determined as of the date of the filing. *In re Wiencko*, 275 B.R. 772, 777 (Bankr.W.D.Va. 2002). The debtor bears the burden of establishing eligibility. *Singer Asset Fin. Co., LLC v. Mullins (In re Mullins)*, 360 B.R. 493, 498 (Bankr.W.D.Va. 2007). This is a factual question. However, the court may take judicial notice of the debtor's schedules. *Brown & Co. Sec. Corp. v. Balbus (In re Balbus)*, 933 F.2d 246, 247 (4th Cir.1991); *Singer Asset Fin. Co., LLC v.*

*Mullins,* 360 B.R. at 499. In this case, in addition to reviewing the debtor's schedules, the court reviewed the proofs of claims. The schedules and the proofs of claims are very close in amount and the sole factor determining the debtor's eligibility for chapter 13 is the treatment of the second deed of trust on the debtor's home.

Both the trustee's determination that the second deed of trust is unsecured and the debtor's intention to strip off the second deed of trust are based on 11 U.S.C. §506(a) which provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. §506(a).

*Balbus* is the principal case in the Fourth Circuit interpreting the application of §506(a) in a chapter 13 case. In *Balbus,* the Court of Appeals addressed the question of whether the §506(a) valuation of the debtor's home included hypothetical costs of sale of the property when he intended to retain his home, that is, whether the undersecured judgement lien creditor's secured claim was further reduced by the hypothetical costs of sale that the creditor would incur if it were to execute on its judgment lien and sell the debtor's home, its collateral. If its secured claim were reduced, its unsecured claim would be increased, and in *Balbus,* the debtor would have been over the unsecured debt limit. *Id.* at 248. The predicate of the Court of Appeal's decision was that §506(a) applied to the analysis, that "the court must add the amount of unsecured debt and the amount by which secured creditors are undersecured" to determine whether a debtor is eligible to file a chapter 13 case. *I re*

*Balbus,* 933 F.2d at 247. Without this predicate, the determination of the application of the hypothetical costs of sale was unnecessary. The entire undersecured claim would have been treated as secured for purposes of §109(e).

Most courts have followed the *Balbus* analysis and held that the undersecured portion of an ostensible secured debt is included as unsecured debt for the purposes of §109(e) by using §506(a) to distinguish "secured" and "unsecured" debt. *See In re Balbus*, 933 F.2d at 247; *In re Crawley,* 412 B.R. 777, 785 (Bankr.E.D.Va. 2009) (Mitchell, J.); *Singer Asset Fin. Co., LLC v. Mullins*, 360 B.R. at 498; se*e also Darby Bank & Trust v. Grenchik (In re Grenchik)*, 386 B.R. 915, 917-918 (Bankr.S.D.Ga. 2007) and cases cited therein.

Even if a lien has not yet been judicially avoided, the amount is added to the unsecured debt for eligibility purposes. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2001). In *Scovis*, the debtors' home, valued at $325,000, was encumbered by a first deed of trust for $249,026 and a judgment lien for $208,000. *Id.* at 983. The debtors claimed a $100,000 homestead exemption allowed under California law. *Id.* The judgment lien was listed as a secured debt in Schedule D, although it showed $132,026 of the $208,000 claim to be unsecured. *Id.* Even though the debtors recognized that the claim was undersecured, they did not include the undersecured amount in Schedule F that lists unsecured non-priority claims. *Id.* The court noted that applying §506(a) to §109(e) is necessary to "prevent 'raising form over substance and manipulation of the debt limits' to achieve chapter 13 eligibility." *Id.* (citing *In re Soderlund*, 236 B.R. 271, 274 (9th Cir. B.A.P. 1999). *See also In re Ballard*, 4 B.R. 271, 274 (Bankr.E.D.Va. 1980). An examination of the debtors' schedules showed that the judgment lien was undersecured. It should have been included as unsecured debt in the §109(e) calculation. *Id.* at 984. *See also Singer Asset Fin. Co., LLC v.*

*Mullins*, 360 B.R. at 501-2. *Scovis* concluded that a claim secured only by a lien which was avoidable, but not yet avoided, is unsecured for purposes of §109(e) eligibility. *In re Scovis*, 249 F.3d at 983-84. *See also In re Smith*, 2010 WL 3096573, *9 (9th Cir. B.A.P. 2010); *In re Crawley,* 412 B.R. at 785 (recognizing that "nominally secured debt is actually unsecured because the collateral is worth less than the claim it secures.").

An adversary proceeding to avoid a lien does not have to be filed or completely adjudicated before the debt is determined to be secured or unsecured for purposes of §109(e). 11 U.S.C. §506(a) ("Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property"); *In re Scovis*, 249 F.3d at 983-84. *See also In re Daniels*, 2010 WL 1416803, * 1 (Bankr.E.D.N.C. 2010) (using the bifurcation process under §506(a) in a hearing on a motion to dismiss for ineligibility under §109(e)).

**Conclusion**

For purposes of §109(e), the debtor's wholly unsecured second deed of trust will be treated as an unsecured debt. The trustee's motion to dismiss will be granted unless the debtor moves to convert this case to a case under chapter 11 or, if appropriate, chapter 7.

Alexandria, Virginia
September 7, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

4

copies to

Scott Alan Weible
Thomas P. Gorman

16271